[Civ. No. 8008.   First Appellate District, Division Two.—November 6, 1931.]

M. C. LONG, Respondent, v. J. M. NEELAND et al., Appellants.

Chapman & Chapman and Ward Chapman for Appellants.

Joseph Scott and Leo B. Ward for Respondent.

NOURSE, P. J.—Plaintiff sued for an accounting of moneys alleged to have been advanced to defendants and invested for plaintiff's use and benefit. A nonsuit was granted as to defendant K. M. Neeland and dismissals were had as to all other defendants except J. M. Neeland, against whom judgment was entered in the sum of $16,666.05, together with compound interest amounting to over $14,000. This defendant has appealed upon typewritten transcripts.

No useful purpose would be served in a detailed statement of the facts. Suffice it to say that for many years prior to the commencement of this action defendant was a successful banker with a wide experience in business affairs, having gained a fortune of approximately $1,000,000; that the plaintiff was an instructor in physical education; that both were warm personal friends, and that the plaintiff trusted implicitly in the defendant's judgment as to all matters of business and investment; that running over a period of some thirteen years the plaintiff paid over to this defendant, in various sums ranging from $50 to $6,200, a total of more than $32,000; that of this sum $16,666.05 was found to have been entrusted to the defendant by the plaintiff for investment by the defendant for the use and benefit of the plaintiff; that said sum was invested by the defendant in his own name and for his own use and benefit without the knowledge or consent of the plaintiff as to the particular character of the investments; that of the total sum paid to the defendant $15,800 was invested by him in special enterprises with the knowledge and consent of the plaintiff; that the entire sum was lost to the plaintiff; but that, as to the $15,800 item, the parties were held to be joint adventurers, for which reason the plaintiff was denied recovery of that item.

On this appeal the appellant insists that the evidence is insufficient to show the creation of a trust and he argues that the evidence shows that the entire sum paid over to him was for the purpose of a joint adventure. It is elementary that the question whether a trust arises from

particular transactions is primarily a question of fact for the trial court to determine. Here the trial court found that, as to the fund included in the judgment, the moneys were delivered to the appellant for the purpose of investment and that he mingled them with his own funds, invested them for his own use and benefit and failed to keep any account of the moneys received or the purposes for which they were invested. The evidence is undisputed that the moneys were paid to the appellant upon his representation that he would hold them as safe as a bank could hold them and that he would return to the respondent a greater profit than he could get by depositing the moneys in a bank. The confidential relation between the parties is conceded. The delivery of the moneys for purposes of investment is not disputed. The use of the moneys by the appellant for his own benefit and his failure to return any profit to the respondent are admitted. All the elements necessary to create a voluntary express trust are present. On the other hand, there is no evidence which would support a finding of joint adventure beyond the sum which the trial court found was paid to the appellant for that purpose. The respondent urges that the trial court included too much under this finding and we are inclined to agree with him. However, it is manifest that the evidence to which appellant refers as supporting his contention that the parties were engaged in a joint adventure is evidence relating solely to these particular investments which the trial court found to be joint adventures, and for which recovery was denied, and is not evidence which affects the sum included in the judgment. We are satisfied from our review of the evidence that it is sufficient to support the finding that a trust was created to the extent of the fund included in the judgment and this being so the obligations of the appellant as trustee thereof are fixed by section 2236 of the Civil Code and by a long line of decisions, typical of which is *Title Ins. & Trust Co.* v. *Ingersoll*, 158 Cal. 474 [111 Pac. 360].

It is argued, however, that the cause of action is barred by the statute of limitations because not brought within four years after the moneys were paid to appellant. It is elementary that in the case of a voluntary trust the period of limitation commences to run from the date of

repudiation and not from the date of the creation of the trust. (25 Cal. Jur. 268, 271, and cases cited.)

■ Criticism of the judgment is made because the trial court refused to allow appellant to set off the sum of $1,000 which appellant now claims was paid by a third party to the respondent. The trial court found that this was a transaction independent of the trust and appellant has not presented any evidence tending to show error in this finding. Our examination of the transcript discloses that upon appellant's objection the trial court refused to let respondent tender proof upon that item.

■ Finally it is argued that the trial court erred in allowing compound interest upon the items paid to appellant in the course of the trust. The question whether interest should be compounded rests generally upon the circumstances of each particular case. When it appears that the trustee has wilfully omitted to invest trust funds but has used them for his own benefit or has failed to keep an account so that it is extremely difficult or impracticable to ascertain with any degree of certainty what profit was realized from the trust fund, compound interest should be added. (*Estate of Clark*, 53 Cal. 359; *Title Ins. & Trust Co.* v. *Ingersoll*, 158 Cal. 474, 488 [111 Pac. 360].) In truth the decisions are merely reassertions of the statutory law. Section 2236 of the Civil Code provides that a trustee who wilfully mingles the trust property with his own is liable for the *value* of its use. As the interest on the trust fund belongs to the beneficiary the value of the use of that interest by the trustee is reached by compounding it.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.