**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JERRY ALAN JONES, Debtor,
*Appellant*,

v.

U.S. TRUSTEE, EUGENE,
*Appellee.*

No. 12-35665

D.C. No.
6:12-cv-00440-HO

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted
November 5, 2013—Portland, Oregon

Filed December 2, 2013

Before: Milan D. Smith, Jr. and Andrew D. Hurwitz,
Circuit Judges, and James C. Mahan, District Judge.<sup>*</sup>

Opinion by Judge Milan D. Smith, Jr.

---

* The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

## SUMMARY[**]

### Bankruptcy

Affirming the district court's judgment, the panel held that a fraud that would have served as grounds for denying a chapter 7 bankruptcy discharge if it had been known at the time of the discharge could serve as grounds for the later revocation of that discharge.

The United States Trustee moved to revoke the discharge pursuant to 11 U.S.C. § 727(d)(1), which provides that a chapter 7 discharge may be revoked if it was obtained through the fraud of the debtor and the requesting party did not know of the fraud until after the granting of the discharge. The bankruptcy court found that the debtor's misrepresentations of the value or existence of a number of assets in the schedules he filed and in the testimony he gave during the creditors meeting amounted to a violation of § 727(a)(4)(A), which provides that a bankruptcy court should deny discharge if the debtor knowingly or fraudulently, in or in connection with the case, made a false oath or account. The bankruptcy court granted the Trustee's motion, and the district court affirmed.

The panel rejected the debtor's argument that the concealment of his fraud, rather than the fraud itself, procured his discharge. Adopting the reasoning of the Bankruptcy Appellate Panel and other circuits, the panel held that a material fraud, which would have resulted in the denial of a

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

chapter 7 discharge had it been known at the time of such discharge, can justify subsequent revocation of that discharge under § 727(d)(1).

## COUNSEL

Keith D. Karnes (argued), Salem, Oregon, for Appellant.

Phyllis Rebecca Kamitsuka (argued), Trial Attorney, Office of the United States Trustee, Eugene, Oregon; Robert Joseph Schneider, Trial Attorney, United States Department of Justice, Washington, D.C., for Appellee.

## OPINION

M. SMITH, Circuit Judge:

This appeal poses the question of whether a fraud that would serve as grounds for denying a bankruptcy discharge if it were known at the time of the discharge can serve as grounds for the later revocation of that discharge. We conclude that it may, and we therefore affirm the judgment of the district court.

## FACTS AND PRIOR PROCEEDINGS

On December 23, 2008, Appellant Jerry Alan Jones filed a chapter 7 bankruptcy petition in United States Bankruptcy Court for the District of Oregon. On January 16, 2009, Jones filed schedules of assets under penalty of perjury pursuant to 11 U.S.C. § 521(a)(1)(B). During a February 6, 2009, meeting of creditors required by 11 U.S.C. § 341(a), Jones

testified under oath as required by 11 U.S.C. § 343. On April 9, 2009, the bankruptcy court entered an order granting Jones a chapter 7 discharge of his debts.

Subsequent to the entry of the discharge order, the United States Trustee (Trustee) learned that Jones had misrepresented the value or existence of a number of assets in both the schedules Jones had filed and in the testimony he gave during the creditors meeting. Jones did not dispute that he omitted certain assets, but he claimed that the omission was due to inadvertence rather than fraud. The bankruptcy court disagreed, and found that Jones made false oaths in connection with his petition for discharge.

The Trustee moved to revoke Jones' discharge pursuant to 11 U.S.C. § 727(d)(1). In deciding the motion, the bankruptcy court looked to whether Jones' misrepresentations constituted a violation of 11 U.S.C. § 727(a)(4)(A). Finding that the misrepresentations amounted to a violation of § 727(a)(4)(A), the bankruptcy court granted the Trustee's motion to revoke Jones' discharge pursuant to 11 U.S.C. § 727(d)(1).

Jones appealed the bankruptcy court's decision to the district court, arguing that his fraud did not procure the discharge. The district court affirmed the bankruptcy court, finding the bankruptcy court's findings of fact to be "without clear error and supported by the extensive record." The district court found that Jones' discharge had been "properly revoked," because "but for Jones' numerous, knowing, fraudulent statements regarding his business interests and holdings, he would not have received his chapter 7 discharge." Jones timely appealed.

**JURISDICTION AND STANDARD OF REVIEW**

We have jurisdiction to review the district court's order under 28 U.S.C. § 158.  We review the bankruptcy court's decision independently, without deference to the district court's decision.  *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010).  We review the bankruptcy court's findings of law de novo, and its findings of fact for clear error.  *Id.*

**DISCUSSION**

Section 727(d)(1) of Title 11, United States Code, provides that a Chapter 7 discharge may be revoked if the "discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge . . . ."  Section 727(a)(4) provides, in turn,  that a bankruptcy judge should deny discharge if, *inter alia*, "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account . . . ."  Jones does not dispute that the Trustee lacked the requisite knowledge at the time of Jones' discharge, and moved to revoke the discharge within one year, both of which are required by Section 727(d)(1).  Jones does, however, contend that the bankruptcy court incorrectly applied the law with respect to whether the "discharge was obtained through the fraud of the debtor."

Jones' argument can be summarized as follows: In order to revoke a discharge under Section 727(d)(1), the discharge must have been caused by the debtor's fraud.  *See In re Nielsen*, 383 F.3d 922, 925 (9th Cir. 2004) ("[Plaintiff] must at least show that, but for the fraud, the discharge would not have been granted.").  Jones asserts that his fraud –

concealing assets – did not "procure" the discharge because, had Jones not revealed the assets, the discharge would still have been granted. Thus, Jones argues that the bankruptcy court should not have looked to whether his fraud would have resulted in a denial of the discharge had it been known at the time, but rather whether knowledge of the facts concealed by the fraud would have been an independent ground for denial of the discharge under Section 727(a). Put yet another way, Jones argues that the concealment of his fraud, rather than the fraud itself, procured his discharge, and that the Trustee never provided any evidence that the fraud itself procured the discharge. Jones' argument is unavailing.

The Bankruptcy Appellate Panel of the Ninth Circuit (BAP) has repeatedly held that a discharge may be revoked upon a showing that the debtor made false oaths that would have caused the bankruptcy court to deny the discharge under Section 727(a) had the fraud been timely known. *See*, *e.g.*, *In re Gilliam*, Nos. CC–11–1248–MkHKi, RS 08–26743–CB, 2012 WL 1191854, at *10 (B.A.P. 9th Cir. Apr. 6, 2012) ("Thus, a finding of fraud in the procurement requires evidence of some conduct that under § 727(a) would have been sufficient grounds for denying a discharge in the first instance, such as the debtor knowingly and fraudulently making a false oath in connection with the bankruptcy case."); *In re Wahl*, No. BAP No. CC–08–1218–MkPaD, 2009 WL 7751412, at *5 (B.A.P. 9th Cir. June 22, 2009) ("[T]he trustee established that Mr. Wahl should not retain his discharge under the standard for denial of a discharge."); *see also In re Guadarrama*, 284 B.R. 463, 469 (C.D. Cal. 2002) ("Thus, to secure revocation of Valencia's discharge, the Trustee was required to show that the fraud in which Valencia engaged would have caused the bankruptcy court to

deny her a discharge under § 727(a)(4)(A) had it been known at the time.").

The BAP's reading comports both with *In re Nielsen* and the text of the statute. Section 727(d)(1) requires that the discharge be obtained through the fraud of the debtor. *Nielsen* clarified that the fraud must be a but-for cause of the discharge. *In re Nielsen*, 383 F.3d at 925. *Nielsen* also noted that if "in her proceeding to revoke the discharge, [the plaintiff had] shown that, in truth, there were assets, or that there was some reason that the Nielsens should not have been discharged, this would be quite a different case." *Id.* at 926. *Nielsen* is thus properly read as establishing the rule that the fraud must be material, *i.e.*, must have been sufficient to cause the discharge to be refused if it were known at the time of discharge.

Here, the bankruptcy court conducted just such an analysis. In order to determine whether the discharge was procured by fraud, the bankruptcy court analyzed whether Jones would have been in violation of Section 727(a)(4)(a) had his fraud been known at the time of discharge. In order to prove a violation of Section 727(a)(4)(A), the plaintiff must show that the debtor (1) made a false oath in connection with the case; (2) related to a material fact; (3) knowingly; and (4) fraudulently. *See In re Retz*, 606 F.3d 1187, 1197 (9th Cir. 2010). After conducting the *Retz* analysis, the bankruptcy court properly concluded that Jones' misstatements were material. Accordingly, the bankruptcy court's decision comports with *Nielsen* because Jones' fraud, had it been known at the time of the discharge, would have been grounds for denying the discharge. *See also In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991) (Section 727(d)(1) requires a showing that the debtor "committed a

fraud in fact *which would have barred the discharge had the fraud been known*.") (emphasis added).

## CONCLUSION

We adopt the reasoning of the BAP and our sister circuits in holding that a material fraud, which would have resulted in the denial of a Chapter 7 discharge had it been known at the time of such discharge, can justify subsequent revocation of that discharge under 11 U.S.C. § 727(d)(1). Accordingly we affirm the judgment of the district court.

**AFFIRMED**