**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: E. DANIEL BORS, III, | No.    13-60018 |
| Debtor, | BAP No. 12-1214 |
| SIMONA TANASESCU, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| E. DANIEL BORS, III, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher and Dunn, Bankruptcy Judges, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Appellant Simona Tanasescu appeals pro se from the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's dismissal of Tanasescu's adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d)(1). We independently review the bankruptcy court's decision without deference to the BAP. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). We affirm.

The bankruptcy court properly dismissed Tanasescu's adversary proceeding for failure to state a claim for relief under 11 U.S.C. 727(d)(1) because Tanasescu failed to allege facts sufficient to show that, but for Bors' alleged fraud in his bankruptcy filings, Bors' would have been denied his discharge. *See Jones v. U.S. Tr., Eugene*, 736 F.3d 897, 899-900 (9th Cir. 2013) (to revoke a debtor's discharge based upon false oaths in connection with his petition for discharge, the fraud must be material, or, sufficient to cause denial of the discharge if known at the time of discharge).

The bankruptcy court did not abuse its discretion in denying Tanasescu leave to amend to state a claim of nondischargeability under 11 U.S.C. § 523 where the court dismissed the adversary proceeding without prejudice to Tanasescu filing such a claim.

We reject as without merit Tanasescu's contentions that the bankruptcy court and the BAP were biased or unfairly prejudiced her, or that she qualified for relief under Federal Rule of Civil Procedure 60(b).

**AFFIRMED.**