NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ADOLFO CASTILLO, Jr. and ANA CASTILLO, <br><br> Debtors. <br> _____ <br><br> ANA CASTILLO, <br><br> Appellant, <br><br> v. <br><br> GREGORY A. AKERS, Chapter 7 Trustee, <br><br> Appellee. | No. 16-55531 <br><br> D.C. No. 3:15-cv-01207-JLS-JLB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted December 6, 2018**

Before: FARRIS, TROTT, and TALLMAN, Circuit Judges.

Chapter 7 debtor Ana Castillo appeals pro se from the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

judgment affirming the bankruptcy court's judgment disallowing Castillo's discharge of Gregory Aker's judgment. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions of law, and for clear error its findings of fact. *See Jones v. U.S. Trustee*, 736 F.3d 897, 899 (9th Cir. 2013). We affirm.

In California, the question of whether a trust arises from particular transactions is primarily a question of fact for the trial court to determine. *Long v. Neeland*, 4 P.2d 815, 816 (Cal. Ct. App. 1931). Whether a relationship is a "fiduciary" one within the scope of § 523(a)(4) is a question of federal law that this court reviews de novo, although the court may consult state law when interpreting whether an individual is a fiduciary for purposes of the statute. *Double Bogey, L.P. v. Enea*, 794 F.3d 1047, 1050 (9th Cir. 2015).

Castillo argues on appeal that no trust was created, and she was not a fiduciary, because the parties did not intend to create an express trust. We disagree. Under California law, the intent of the parties is measured by an objective standard, so an express trust may arise even if the parties did not intend to create one. *See, e.g., Marsh v. Home Fed. Sav. & Loan Assoc.*, 136 Cal. Rptr. 180, 184 (Cal. Ct. App. 1974).

The bankruptcy court properly determined that Castillo was acting as a fiduciary when she created the non-dischargeable debt. *See Double Bogey, L.P. v.*

2                                                                                    16-55531

*Enea*, 794 F.3d at 1050-51. The bankruptcy court's determinations were supported by the record, which reflects that that the funds belonged to Ana's stepfather; that Ana was a signatory on the account in which the funds were held; and that the parties agreed that the funds would be used only to fund construction of a rental unit, or to pay the stepfather's debts.

Castillo further argues that she was merely an agent for her step-father and mother. The district court properly rejected this argument because the record supports its determination that Castillo did not act under her step-father's control after receipt of the money. *See Chang v. Redding Bank of Commerce*, 35 Cal. Rptr. 2d 64, 70 (Cal. Ct. App. 1994).

The bankruptcy court also did not clearly err when it found defalcation, because the record supports the bankruptcy court's determinations that Castillo's disbursements were made for non-trust purposes, and were not authorized by her stepfather or mother. *See Byler v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186, 1190 (9th Cir. 2001) (citation and internal quotation marks omitted).

We reject as without merit Castillo's argument that she is entitled to a discharge for policy reasons.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**

16-55531