NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: STERLING G. HIGASHI,

      Debtor,

_____

HALE TAKAZAWA,

      Plaintiff-Appellee,

  v.

STERLING G. HIGASHI,

      Defendant-Appellant.

No.   17-16844

D.C. No. 1:16-cv-00368-LEK

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 14, 2019**
Honolulu, Hawaii

Before: TALLMAN, BYBEE, and N. RANDY SMITH, Circuit Judges.

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Chapter 7 debtor Sterling Higashi appeals the bankruptcy court's determination after trial in an adversary proceeding that Hale Takazawa's claim against Higashi arising out of a promissory note (and the eventual state court judgment) was not dischargeable under section 523(a)(2) of the Bankruptcy Code. The district court affirmed the judgment. We also affirm.

We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact. *Jones v. U.S. Trustee*, 736 F.3d 897, 899 (9th Cir. 2013). Whether a claim is not dischargeable under section 523(a) is a mixed question of law and fact reviewed de novo. *In re Hamada*, 291 F.3d 645, 649 (9th Cir. 2002). But an individual "finding of whether a requisite element of [a section] 523(a)(2)(A) claim is present is a factual determination reviewed for clear error." *In re Anastas*, 94 F.3d 1280, 1283, 1286–87 (9th Cir. 1996). We review the bankruptcy court's decision independently, without deference to the district court. *Jones*, 736 F.3d at 899.

The bankruptcy court did not err in finding that Takazawa and his predecessor-in-interest, Active Sportswear, Inc., justifiably relied on Higashi's misrepresentation that his wife signed the promissory note. The evidence clearly supports that conclusion. Nothing in the promissory note revealed any misrepresentation—there was no duty to investigate the veracity of the signature here. *See Field v. Mans*, 516 U.S. 59, 70–71, 77 (1995) (holding a creditor had no

2

duty to investigate under the justifiable reliance standard).  The promissory note did not need to be recorded or secured to be enforceable.  *See IndyMac Bank v. Miguel*, 184 P.3d 821, 835 (Haw. Ct. App. 2008), *as corrected* (July 17, 2008) (citing *Bank of Honolulu, N.A. v. Anderson*, 654 P.2d 1370, 1375 (Haw. Ct. App. 1982)) (providing the elements to enforce commercial paper).

The bankruptcy court also did not err in finding that the misrepresentation proximately caused damages.  The damages caused by the forgery stem from what would have happened if Higashi's wife had signed the promissory note as Higashi represented.  Had she signed it, Takazawa could have sued her, received a judgment, and collected on any assets she has.  Because she did not sign it, Takazawa was unable to enforce the judgment against her and was thereby damaged.  The parties' state-court settlement agreement neither (1) created issue or claim preclusion in any relevant way in the adversary proceeding, nor (2) somehow precludes a hypothetical lawsuit against Higashi's wife to eliminate damages here. *See Archer v. Warner*, 538 U.S. 314, 323 (2003) (settlement agreement does not bar a creditor from a non-dischargeability finding under section 523(a)(2) where the settlement debt was incurred by false representation).

To the extent Higashi argues anything else on either issue, we reject those arguments as meritless.

**AFFIRMED.**

3