**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LAURA KAY JAMES; et al., | No. 19-60018 |
| Debtors. | BAP No. 18-1021 |
| ------------------------------ | |
| LAURA KAY JAMES; et al., | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| VIKTORIA KIRAKOSIAN, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Faris, and Kurtz, Bankruptcy Judges, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Chapter 7 debtors Laura Kay James and Jake Guillermo James appeal pro se

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

from the Bankruptcy Appellate Panel's judgment affirming the bankruptcy court's judgment against them, following a trial in Kirakosian's adversary proceeding alleging nondischargeability of debt. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions of law, and for clear error its findings of fact. *Jones v. U.S. Trustee*, 736 F.3d 897, 899 (9th Cir. 2013). We affirm.

The bankruptcy court did not clearly err in finding that appellants' debt to Kirakosian was nondischargeable under 11 U.S.C § 523(a)(2)(A) or (a)(6). *See Grogan v. Garner*, 498 U.S. 279, 286-91 (1991) (preponderance of evidence standard applies to nondischargeability claims under § 523); *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010) (setting forth elements for claim under § 523(a)(2)(A)); *Banks v. Gill Distribution Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 869-70 (9th Cir. 2001) (discussing willful injury requirement for claim under § 523(a)(6)).

We do not consider appellants' arguments regarding hearsay and unverified exhibits not raised before the bankruptcy court. *See Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir. 2000) (failure to object to evidence at trial on the specific basis raised on appeal results in waiver of challenge to admissibility).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

19-60018

In light of our disposition, appellants' motion to dismiss Kirakosian's adversary proceeding (Docket Entry No. 10) is denied as moot.

**AFFIRMED.**