**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: YEHUDA SABBAN,

*Debtor,*

ABDUL M. GHOMESHI,

*Appellant,*

v.

YEHUDA SABBAN,

*Appellee.*

No. 08-60017

BAP Nos.
CC-07-01269-
MOPaD
05-01574-KT

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Montali, and Dunn, Bankruptcy Judges, Presiding

Submitted October 9, 2009*
Pasadena, California

Filed April 13, 2010

Before: William A. Fletcher and Richard R. Clifton,
Circuit Judges, and James K. Singleton,** District Judge.

Opinion by Judge William A. Fletcher

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

## COUNSEL

Rodolfo Lewels, Los Angeles, California, for the appellant.

Shai Oved, Woodland Hills, California, for the appellee.

## OPINION

W. FLETCHER, Circuit Judge:

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt for money, property, services, or credit obtained by fraud. 11 U.S.C. § 523(a)(2)(A). California law provides that a client who employs an unlicensed contractor may recover all compensation paid to that contractor, regardless of whether the contractor has committed fraud and regardless of whether the client has sustained actual harm. Cal. Bus. & Prof. Code § 7031(b). We consider in this case whether a monetary award under this state law is excepted from discharge pursuant to § 523(a)(2)(A). We hold that the award does not fall within the exception and is therefore dischargeable.

## I.   Background

Debtor Yehuda Sabban held the majority interest in Pacific Coast Creations ("Pacific"), a general partnership that performed home remodeling. Beginning in October 2002, creditor Abdul Ghomeshi entered into a series of contracts with Sabban and Pacific to perform remodeling work on Ghomeshi's home. Prior to entering into these contracts, Sabban falsely represented to Ghomeshi that Pacific was licensed by California's Contractors State License Board. In fact, Pacific was not licensed.

Pacific acted as general contractor for the remodeling project, contracting the work out to licensed subcontractors. Ghomeshi paid $123,000 to Pacific and Sabban for the work performed. Pacific and Sabban in turn paid $129,217.95, for Ghomeshi's benefit, to the licensed subcontractors and other material and labor providers.

Ghomeshi sued Sabban in state court, alleging breach of contract, negligence, fraud, and violations of California Busi-

ness & Professions Code §§ 7160 and 7031(b). After other claims were withdrawn or dismissed, Ghomeshi proceeded to trial on his claims under § 7160 and § 7031(b). The state court found that Ghomeshi was induced to sign the contract in reliance upon false and fraudulent representations made by Sabban and Shimshon Avidan, an agent of Pacific, that Pacific was a licensed contractor.

California Business & Professions Code § 7160 provides a cause of action to individuals induced to contract for home improvements in reliance on fraudulent statements. A successful plaintiff may recover a penalty of $500 and reasonable attorney's fees, plus "any damages sustained by him by reason of such statements or representations made by the contractor or solicitor." Pursuant to § 7160, the state court awarded Ghomeshi the $500 penalty and attorney's fees. The state court declined to award damages under § 7160, concluding that "[t]echnically there are no damages."

California Business & Professions Code § 7031(b) provides that a party who has used the services of an unlicensed contractor may recover all compensation paid to that contractor. Liability under § 7031(b) requires only that compensation have been paid to an unlicensed contractor. Fraud and actual harm are irrelevant. *See Hydrotech Sys., Ltd. v. Oasis Waterpark*, 52 Cal. 3d 988, 995, 997-98, 803 P.2d 370, 374, 376 (Cal. 1991). Pursuant to § 7031(b), the state court awarded Ghomeshi $123,000, the amount he had paid to Sabban and Pacific. The state court explained that "[r]ecovery under Business and Professions Code Section 7031(b) is in the nature of disgorgement of compensation paid by plaintiff to defendants."

Sabban subsequently filed for bankruptcy protection pursuant to Chapter 7 of the Bankruptcy Code. Ghomeshi filed an adversary action to determine dischargeability. Following cross-motions for summary judgment, the bankruptcy court issued a tentative ruling. It concluded, relying on *Cohen v. de*

*la Cruz*, 523 U.S. 213, 223 (1998), that the $123,000 award imposed as a remedy for violation of § 7031(b) qualified as a debt obtained by fraud within the meaning of 11 U.S.C. § 523(a)(2)(A) and was therefore nondischargeable. Following supplemental briefing, the bankruptcy court changed its tentative ruling, now concluding that the award under § 7031(b) was dischargeable. The court entered an order providing that the award under § 7031(b) (incorrectly stated as $123,500) was dischargeable and that the award under § 7160 was nondischargeable.

Ghomeshi timely appealed the bankruptcy court's decision to the Bankruptcy Appellate Panel ("BAP"). Over a dissent, the BAP affirmed the bankruptcy court's determination that the state court award under § 7031(b) was dischargeable and the award under § 7160 was nondischargeable. The BAP held that the bankruptcy court inadvertently included the $500 penalty in the dischargeable debt amount, even though it had specifically held that the $500 penalty (part of the § 7160 award) was nondischargeable. The BAP held that the award of $123,000 under § 7031(b) was dischargeable, and that the $500 penalty, plus attorney's fees, awarded under § 7160 was nondischargeable.

Ghomeshi timely appealed from the BAP's holding that the $123,000 award was dischargeable. Sabban declined to file an answering brief, indicating he was agreeable to submitting on the former briefs. Ghomeshi moved to submit this case on the briefs, and we granted his motion.

## II. Standard of Review

We review the BAP's decision on appeal from the bankruptcy court de novo. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). This court conducts "an independent review of the bankruptcy court's decision without deferring to the BAP."

*Id.* We review de novo the bankruptcy court's grant of summary judgment. *Id.*

### III.   Discussion

### A.   The Fraud Exception to Dischargeability

[1] Section 523(a)(2)(A) of the Bankruptcy Code prohibits the discharge of any enforceable obligation for money, property, services, or credit, to the extent that the money, property, services, or credit were obtained by fraud, false pretenses, or false representations. 11 U.S.C. § 523(a)(2)(A); *Cohen*, 523 U.S. at 218. The creditor bears the burden of proving the applicability of § 523(a)(2)(A) by a preponderance of the evidence. *Slyman*, 234 F.3d at 1085. We have consistently held that making out a claim of non-dischargeability under § 523(a)(2)(A) requires the creditor to demonstrate five elements:

(1) the debtor made . . . representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations; [and]

(5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1996) (quoting *Britton v. Price (In re Britton)*, 950 F.2d 602, 604 (9th Cir. 1991)).

The exception to dischargeability of debts under § 523(a)(2)(A) strikes a balance between competing goals. In order to avoid unjustifiably impairing a debtor's fresh start, we have held that the exception "should be construed strictly against creditors and in favor of debtors." *Klapp v. Landsman (In re Klapp)*, 706 F.2d 998, 999 (9th Cir. 1983); *cf. Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir. 1998) (discussing the competing policies of "fresh start" and enforcement of domestic support obligations embodied in § 523(a)(5)). At the same time, we have recognized that Congress created the exception "to prevent a debtor from retaining the benefits of property obtained by fraudulent means and to ensure that the relief intended for honest debtors does not go to dishonest debtors." *Slyman*, 234 F.3d at 1085 (quoting 4 Collier on Bankruptcy ¶ 523.08[1][a] (15th ed. rev. 2000)). In describing the reach and purpose of the exception, the Supreme Court has remarked that "it is 'unlikely that Congress . . . would have favored the interest in giving perpetrators of fraud a fresh start over the interest in protecting victims of fraud.' " *Cohen*, 523 U.S. at 223 (quoting *Grogan v. Garner*, 498 U.S. 279, 287 (1991)).

**[2]** Courts once limited the application of § 523(a)(2)(A) to situations in which the debtor received a benefit from his or her fraudulent activity. *See Muegler v. Bening*, 413 F.3d 980, 983 (9th Cir. 2005) (citing cases). However, in *Cohen v. de la Cruz*, the Supreme Court held that the reach of § 523(a)(2)(A) is not limited to the amount of benefit received by the debtor. Rather, § 523(a)(2)(A) "prevents the discharge of all liability arising from fraud." 523 U.S. at 215. Following *Cohen*, we have concluded that there is no requirement that the debtor "have received a direct or indirect benefit from his or her fraudulent activity in order to make out a violation of § 523(a)(2)(A)." *Muegler*, 413 F.3d at 983-84. Other circuits have held similarly. *See, e.g.*, *Deodati v. M.M. Winkler & Assocs. (In re M.M. Winkler & Assocs.)*, 239 F.3d 746, 749 (5th Cir. 2001); *Pleasants v. Kendrick (In re Pleasants)*, 219 F.3d 372, 375 (4th Cir. 2000).

## B.    Ghomeshi's Non-Dischargeability Claim

**[3]** The parties do not dispute that Ghomeshi, the creditor, has established the first four elements for nondischargeability under § 523(a)(2)(A). The only issue is whether the $123,000 awarded by the state court under § 7031(b) constitutes "loss and damage" sustained by Ghomeshi "as the proximate result" of the false representation that Pacific was a licensed contractor.

The state court found that Ghomeshi was induced to contract for home remodeling in reliance on Sabban's fraudulent misrepresentation that Pacific was licensed. But the state court made clear that Ghomeshi suffered no actual loss as a result of this misrepresentation.

Ghomeshi contends that *Cohen* compels us to conclude that the $123,000 award is nondischargeable. *Cohen* involved a landlord who charged rents above the amount permitted by local ordinance. 523 U.S. at 215. The city rent control administrator ordered the landlord to return the excess rents. The landlord refused to comply and subsequently filed for bankruptcy. *Id.* The tenants initiated an adversary proceeding in the bankruptcy court under the New Jersey Consumer Fraud Act. That Act provides for the recovery of treble damages from any person who has used "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation . . . or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate . . . ." N.J. Stat. Ann. § 56:8-2.

Following a bench trial, the bankruptcy court found that the landlord had committed "actual fraud" within the meaning of § 523(a)(2)(A), and that his actions violated the New Jersey Consumer Fraud Act. *Cohen*, 523 U.S. at 215-16. The bankruptcy court awarded treble damages under the New Jersey statute and held the entire award nondischargeable. *Id.* at 216.

The Supreme Court agreed, holding that the entire award arose out of the fraud and was therefore nondischargeable. *Id.* at 218-19, 223. The Court wrote that "§ 523(a)(2)(A) is best read to prohibit the discharge of any liability arising from a debtor's fraudulent acquisition of money, property, etc., *including an award of treble damages for the fraud.*" *Id.* at 221 (emphasis added). "Under New Jersey law, the debt for fraudulently obtaining $31,382.50 in rent payments includes treble damages and attorney's fees and costs, and consequently, petitioner's entire debt of $94,147.50 (plus attorney's fees and costs) is nondischargeable in bankruptcy." *Id.* at 223.

Ghomeshi contends that even if he did not suffer actual loss as a result of Sabban's fraudulent misrepresentation that Pacific was licensed, the award of $123,000 is "traceable to" or "resulting from" the fraud and is therefore nondischargeable. *See Cohen*, 523 U.S. at 218 (Section 523(a)(2)(A) bars "discharge of debts 'resulting from' or 'traceable to' fraud." (quoting *Field v. Mans*, 516 U.S. 59, 61, 64 (1995)). Ghomeshi emphasizes that the state court found that Sabban made a fraudulent misrepresentation that induced Ghomeshi to enter into a contract with Pacific, and that the court awarded Ghomeshi $123,000 for Sabban's violation of § 7031(b). Ghomeshi argues that under *Cohen* "it makes no difference that a debtor's proven fraud exposes him to further liability for violation of laws that do not mention fraud."

We do not read § 523(a)(2)(A) and *Cohen* as broadly as Ghomeshi does. Though it is a somewhat close question, we hold that the judgment against Sabban under § 7031(b) is dischargeable.

**[4]** We note two ways in which the case before us is different from *Cohen*. First, unlike the tenants in *Cohen*, Ghomeshi suffered no actual harm as a result of Sabban's misrepresentation that Pacific held a contractor's license. Actual damages are available under § 7160, but the state court specifically

declined to award them, holding that Ghomeshi had suffered no harm.

[5] Second, unlike the New Jersey Consumer Fraud Act at issue in *Cohen*, § 7031(b) is not premised on the commission of fraud. In order to recover compensation paid to a contractor, a plaintiff in a § 7031(b) suit need only show that the contractor was unlicensed. *See* Cal. Bus. & Prof. Code § 7031(b) ("[A] person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract.").

[6] To the extent that California has a statute comparable to the New Jersey Consumer Fraud Act, it is § 7160, under which Ghomeshi was awarded the $500 penalty and attorney's fees. Section 7160, like the New Jersey statute, is premised on fraud. Section 7160 provides that "[a]ny person who is induced to contract for a work of improvement . . . in reliance on false or fraudulent representations or false statements knowingly made," may recover a $500 penalty, reasonable attorney's fees, and actual damages. In accordance with *Cohen*, the bankruptcy court in our case held that the state court award of $500 plus attorney's fees under § 7160 was nondischargeable. Sabban has not appealed that part of the bankruptcy court's judgment.

[7] Ghomeshi contends that permitting the discharge of awards rendered pursuant to § 7031(b) undermines the state policy expressed by that statute. We agree with Ghomeshi that the state intended § 7031(b) to apply despite any resulting injustice to the unlicensed contractor. *See Hydrotech*, 52 Cal. 3d at 995, 803 P.2d at 374. But the fact that discharging an award may run counter to state policy does not render the award nondischargeable. Congress has made a considered judgment that the "fresh start" policy of the Bankruptcy Code should override other state and federal laws under which debt-

ors incur enforceable legal obligations. Congress has also recognized that the "fresh start" policy must sometimes give way to competing interests, and has enacted the various exceptions to dischargeability to so provide. The fraud exception of § 523(a)(2)(A), however, does not cover this case.

## Conclusion

**[8]** We hold that because the award of $123,000 was made under a statute that is not premised on either fraud or actual harm, it is not a debt for money obtained by fraud within the meaning of 11 U.S.C. § 523(a)(2)(A). We therefore affirm the bankruptcy court's determination that the award of $123,000 under § 7031(b) is dischargeable.

**AFFIRMED**.