FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DANNY WAYNE PRYOR, | No. 11-60067 |
| Debtor, | BAP No. 10-1259 |
| DANNY WAYNE PRYOR, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| RW INVESTMENT COMPANY, INC., | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kirscher, and Sargis, Bankruptcy Judges, Presiding

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Danny Wayne Pryor appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's decision that Pryor's debt to RW Investment Co., Inc. was nondischargeable under 11 U.S.C. § 523(a)(2)(A). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion in striking Pryor's answer and directing entry of default based on Pryor's willful failure to attend a status conference and to cooperate in the discovery process. *See Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988) (setting forth standard of review and explaining that this court will not reverse sanctions absent "a definite and firm conviction" that the lower court made "a clear error of judgment"); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-33 (9th Cir. 1987) (setting forth five factors for court to weigh in determining whether severe sanction is appropriate).

The bankruptcy court did not err in granting default judgment to RW Investment for an exception to discharge under 11 U.S.C. § 523(a)(2)(A) because the court had ample evidence of Pryor's false representations, supporting nondischargeability of Pryor's debt to RW Investment. *See* 11 U.S.C.

§ 523(a)(2)(A) (excepting from discharge debt obtained by false pretenses, false representations, or actual fraud); *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010) (setting forth elements under § 523(a)(2)(A)).

Pryor's contention that this case is moot is unpersuasive.

We decline to address contentions that Pryor did not properly raise below, including his contentions concerning damages, alleged inconsistent testimony, standing, and the statute of limitations. *See Fla. Partners Corp. v. Southeast Co. (In re Southeast Co.)*, 868 F.2d 335, 339-40 (9th Cir. 1989) (declining to address issue not raised before bankruptcy court).

**AFFIRMED.**