**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JAMES LARRY SACCHERI; JUDITH ANN SACCHERI,<br><br>     Debtors,<br>_____<br><br>JAMES LARRY SACCHER,<br><br>     Appellant,<br><br>v.<br><br>ST. LAWRENCE VALLEY DAIRY; JUDITH ANN SACCHERI,<br><br>     Appellees. | No. 12-60082<br><br>B.A.P. No. 12-1269-JuKiD<br><br><br>MEMORANDUM[*] |

Appeal from the Bankruptcy Appellate Panel
for the Ninth Circuit
Jury, Kirscher, and Dunn, Bankruptcy Judges, Presiding

Argued and Submitted February 10, 2015
San Francisco, California

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PAEZ and BERZON, Circuit Judges, and EZRA, District Judge.[**]

James Saccheri appeals from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order finding that Saccheri owed the St. Lawrence Valley Dairy ("Dairy") a nondischargeable debt in the amount of $492,006.57. We have jurisdiction under 28 U.S.C. §§ 1291 and 1295. We conduct "an independent review of the bankruptcy court's decision without deferring to the BAP," *In re Sabban*, 600 F.3d 1219, 1221 (9th Cir. 2010) (internal quotation marks omitted), applying the same standard of review that the BAP applied to the bankruptcy court's ruling. *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

Saccheri first contends that the bankruptcy court clearly erred in finding that the Dairy justifiably relied on Saccheri's representations concerning the funds he pocketed. Whether the Dairy justifiably relied on Saccheri's representations is a question of fact reviewed for clear error. *In re Deitz*, 760 F.3d 1038, 1051 (9th Cir. 2014). In making its determination, the bankruptcy court relied heavily on the live testimony of Saccheri and the Dairy's other board members. Where the bankruptcy court's findings are based on the relative credibility of witnesses, they

---

[**] The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

are entitled to deference.  *Id.*  The bankruptcy court did not clearly err in finding that the Dairy justifiably relied on Saccheri's representations.

Saccheri next contends that the BAP erred in determining that the applicable statute of limitations did not bar recovery of any debt Saccheri owed to the Dairy. Under California law, the Dairy had three years to bring its fraud action, and the cause of action did not accrue until 2007.  *See* Cal. Civ. Proc. Code § 338(d). Based on the witnesses' testimony, the bankruptcy court found that the Dairy's other board members did not discover Saccheri's financial misconduct until 2007. Again, the bankruptcy court's findings are entitled to deference.  Therefore, the statute of limitations had not yet run when the Dairy filed suit against Saccheri in 2009.

Finally, Saccheri contends that the bankruptcy court clearly erred in finding that Saccheri caused $492,006.57 in damages to the Dairy.  Reversal of a bankruptcy court's damages award "is only warranted if 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Anderson v. Bessmer City*, 470 U.S. 564, 573 (1985). Reviewing the record, we conclude that the bankruptcy court's damages finding did not constitute clear error.

**AFFIRMED.**

3