**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: HAI LECONG,<br><br>    Debtor.<br><br>-------------------------------<br><br>HAI LECONG,<br><br>    Appellant,<br><br> v.<br><br>ASHLEY TRAN,<br><br>    Appellee. | No. 15-60039<br><br>BAP No. 14-1286<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Kurtz, and Dunn, Bankruptcy Judges, Presiding

Submitted February 7, 2017[**]
Pasadena, California

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hai Lecong appeals the grant of summary judgment in favor of Ashley Tran, entered by the bankruptcy court and upheld by the Bankruptcy Appellate Panel (BAP), which held that the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(A). We affirm.

We review de novo a bankruptcy court's grant of summary judgment. *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1221–22 (9th Cir. 2010). We also review de novo a bankruptcy court's determination that issue preclusion is available. *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006). If issue preclusion is available, the decision to apply it is reviewed for abuse of discretion. *Id.*

The doctrine of issue preclusion applies to dischargeability proceedings pursuant to § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). Issue preclusion, or collateral estoppel, bars relitigation of factual issues that have been adjudicated in a prior action. Under the principles of "full faith and credit," 28 U.S.C. § 1738, federal courts give prior state-court judgments the same preclusive effect as the courts of the state from which the judgment derived. *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1123 (9th Cir. 2003). Therefore, we apply California's collateral-estoppel principles.

Under California law, the party asserting issue preclusion bears the burden of establishing five threshold requirements:

(1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding";

(2) "this issue must have been actually litigated in the former proceeding";

(3) "it must have been necessarily decided in the former proceeding";

(4) "the decision in the former proceeding must be final and on the merits"; and

(5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding."

*Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001) (quoting *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (in bank)). Additionally, imposition of issue preclusion must be fair and consistent with sound public policy. *Id*. These public policy considerations include "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Lucido*, 795 P.2d at 1227.

We disagree with Lecong's argument that the first three requirements of issue preclusion are not met in this case. Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt for money, property, services, or credit obtained by "false pretenses, a false representation, or actual fraud." In the Ninth Circuit, to prove actual fraud under § 523(a)(2)(A), a creditor must show by a preponderance of the evidence five elements:

3

(1) the debtor made . . . representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations; [and]

(5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*In re Sabban*, 600 F.3d at 1222 (alterations in original) (quoting *Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1996)). These requirements track the elements of common-law fraud. *In re Hashemi*, 104 F.3d at 1125; *Citibank (S. Dak.), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1087 (9th Cir. 1996).

In California, an action for actual fraud requires a plaintiff to show:

(1) a misrepresentation (false representation, concealment, or nondisclosure);

(2) knowledge of falsity;

(3) intent to defraud, i.e., to induce reliance;

(4) justifiable reliance; and

(5) resulting damage.

*Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 917 (Cal. 1997).

4

To begin, the issues are "identical" because the § 523(a)(2)(A) actual fraud claim involves "identical factual allegations" as were at stake in Lecong's state court fraud trial. *Lucido*, 795 P.2d at 1225. The elements required to find actual fraud in California are the same as the elements of actual fraud under § 523(a)(2)(A). And the jury's special verdict found Lecong's actions had satisfied each of California's elements of actual fraud.

The jury verdict also affirms that these questions were actually litigated and necessarily decided. An issue is "actually litigated" when both parties "presented evidence and witnesses in support of their positions, and . . . had the opportunity to present full cases." *Lucido*, 795 P.2d at 1225. Here, both parties presented evidence and argued the merits of the fraud claim. To conclude that an issue was "necessarily decided," California "courts have previously required only that the issue not have been 'entirely unnecessary'" to the judgment in the initial proceeding. *Id.* at 1226. In reaching the verdict in this case, the question of fraud was not "entirely unnecessary" in the initial proceeding. No public policy factors weigh against application of the doctrine. Therefore, Tran has met the burden of establishing the threshold requirements of issue preclusion. The bankruptcy court and the BAP did not abuse their discretion in applying the doctrine.

**AFFIRMED.**

5