**IN RE CUZCO DEVELOPMENT U.S.A., LLC, Debtor and Debtor-in-possession.**

**Cuzco Development U.S.A, LLC, Plaintiff,**

**v.**

**JCCHO Hawaii, LLC, Defendant.**

Civ. No. 16–00632 JMS–KSC
Bankr. No. 16–00636
Adv. No. 16–90031

United States District Court,
D. Hawai'i.

Signed 05/03/2017

Christopher J. Muzzi, Moseley Biehl Tsugawa Lau & Muzzi, David Y. Suh, Tom Watts Degele–Mathews & Yoshida LLP, Honolulu, HI, for Plaintiff.

Allison A. Ito, Chuck C. Choi, Choi & Ito, Neil J. Verbrugge, Wagner Choi & Verbrugge, Honolulu, HI, for Defendant.

## ORDER REVERSING BANKRUPTCY COURT'S ORDER GRANTING PLAINTIFF CUZCO DEVELOPMENT U.S.A., LLC'S MOTION FOR SUMMARY JUDGMENT

J. Michael Seabright, Chief United States District Judge

## I. INTRODUCTION

Defendant JCCHO Hawaii, LLC ("JCCHO" or "Defendant") claims to have a property interest, through a lease (the

"Master Lease"), in a 3.5 acre parcel of Honolulu commercial property owned by Plaintiff Cuzco Development U.S.A., LLC ("Cuzco" or "Plaintiff"). ER0377. After filing for chapter 11 relief, Cuzco initiated the underlying adversary proceeding to avoid JCCHO's Master Lease. ER0378. Soon thereafter, Cuzco moved for summary judgment in the adversary proceeding. ER0379. On November 3, 2016, the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court") granted the motion for summary judgment (the "November 3, 2016 Decision"). ER0376.

Based on the following, the November 3, 2016 Decision is REVERSED and RE-MANDED.

## II. BACKGROUND

### A. Factual Background

The factual background leading to the underlying adversary proceeding is summarized in the November 3, 2016 Decision, which contains findings of fact based upon evidence presented at a hearing before the Bankruptcy Court (and which are not challenged in this appeal). ER0377–ER0378. This court relies on those findings of fact here, and reiterates the basic findings.

 Cuzco owns a 3.5 acre commercial property located at 805–919 Keeaumoku Street, Honolulu, Hawaii (the "Keeaumoku Property"). ER0377. JCCHO claims to have executed a valid Master Lease with Cuzco in July 2015 for the Keeaumoku Property, covering a term beginning August 1, 2015, and ending December 31, 2019. *Id.* JCCHO believed that Cuzco would record the lease, but Cuzco did not. *Id.* The Keeaumoku Property is composed of several parcels of land, most of which are registered in the Land Court.[1] *Id.* The

1. Hawaii uses two separate systems for establishing land title: lishing land title:

Land Court transfer certificate of title ("TCT") for the Land Court parcels does not note the Master Lease. ER0377–ER0378.

On January 21, 2016, East West Bank filed a foreclosure action on the Keeaumoku Property against parties claiming an interest in the property, including Cuzco and JCCHO. ER0378; *see also E. W. Bank v. Cuzco Dev., U.S.A., LLC*, Civ. No. 16–00022 LEK–KSC (D. Haw. filed Jan. 21, 2016). On January 27, 2016, East West Bank filed a notice of pendency of action (a "NOPA") with the Land Court. ER0378. On February 29, 2016, JCCHO filed an answer and cross-claim in the foreclosure action seeking, among other things, specific performance of the Master Lease. ER0317, ER0378. JCCHO did *not* file its own NOPA. ER0378. On June 20, 2016, Cuzco filed for chapter 11 relief. *Id.*

**B. Procedural Background**

As part of its chapter 11 bankruptcy proceedings, Cuzco commenced an adversary proceeding against JCCHO on July 15, 2016. ER0002. The Complaint asserts a single claim, seeking to avoid the Master Lease pursuant to the strong arm provision of 11 U.S.C. § 544(a). ER0001–ER0045. That is, because JCCHO did not record the Master Lease or file its own NOPA, Cuzco argues that the Master Lease is invalid, as a bona fide purchaser of the Keeaumoku Property would not have constructive notice of JCCHO's alleged property interest. *Id.*

On September 15, 2016, Cuzco filed a Motion for Summary Judgment. ER0099–

ER0115. On November 3, 2016, the Bankruptcy Court granted Cuzco's motion and avoided the Master Lease. ER0376–ER0385. JCCHO then filed a Notice of Appeal on November 23, 2016. ER0424.

On December 15, 2016, JCCHO filed its Opening Brief. ECF No. 7. Cuzco filed its Answering Brief on January 17, 2017, ECF No. 9, and JCCHO filed its Reply Brief on January 31, 2017, ECF No. 10. A hearing was held on April 24, 2017.

**III. STANDARD OF REVIEW**

■ The court must review de novo a bankruptcy court's summary judgment order. *In re Sabban*, 600 F.3d 1219, 1221–22 (9th Cir. 2010); *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008). "Summary judgment is to be granted if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, show that there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law." *AFI Holding*, 525 F.3d at 702 (citing Fed. R. Civ. P. 56(c)); *In re SNTL Corp.*, 571 F.3d 826, 834 (9th Cir. 2009).

**IV. DISCUSSION**

**A. Legal Framework**

*1. Federal Strong Arm Provision*

■ Cuzco's motion for summary judgment relies on one of the "strong arm" provisions of the Bankruptcy Code, 11 U.S.C. § 544(a)(3). Section 544(a)(3) states:

Hawaii has two systems for recording title to real property. HRS [c]hapter 502 establishes a bureau of conveyances for recordation of interests in land. HRS [c]hapter 501 ... establishes a land court registration system based upon the Torrens system of land title registration. "Registered land or property" refers to property which has had its

title determined and certificate of title issued by the land court. The purpose of the registration system is to conclusively establish title to land through the issuance of a certificate of title[.]

*Knauer v. Foote*, 63 P.3d 389, 398 (Haw. 2003) (alterations in original) (internal quotation marks omitted).

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . .

(3) a bona fide purchase of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). This provision "gives a bankruptcy trustee 'strong arm powers' to avoid transfers of real property of the debtor that would be voidable under state law by a bona fide purchaser (BFP) of the property from the debtor." *In re Weisman*, 5 F.3d 417, 419–20 (9th Cir. 1993).

■ Thus, Cuzco can avoid the Master Lease if there could have been a bona fide purchaser of the Keeaumoku Property on the day Cuzco filed for chapter 11 relief.[2] To determine whether there could have been such a bona fide purchaser, the court turns to Hawaii state law as required by § 544(a)(3).

### 2. *Hawaii State Law*

Hawaii state law provides that "[e]very applicant receiving a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land who takes certificate of title for value and in good faith, hold the same free from all encumbrances except those noted on the certificate." Haw. Rev. Stat. ("HRS") § 501–82(a).

A NOPA, noted on the TCT, can affect registered land if a "full memorandum" is filed:

No writ of entry, action for partition, or any action affecting the title to real property or the use and occupancy thereof or the buildings thereon, and no judgment, nor any appeal or other proceeding to vacate or reverse any judgment, shall have any effect upon registered land as against persons other than the parties thereto, unless a full memorandum thereof, containing also a reference to the number of the certificate of title of the land affected is filed or recorded and registered.

HRS § 501–151. And, if a full memorandum is filed, then potential purchasers will have notice of, and will be bound by, judgments in the action:

In any action concerning real property or affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and any other party at the time of filing a pleading in which affirmative relief is claimed, or at any time afterwards, may record in the bureau of conveyances a notice of the pendency of the action, containing the names or designations of the parties, as set out in the summons or pleading, the object of the action or claim for affirmative relief, and a description of the property affected thereby. From and after the time of recording the notice, a person who becomes a purchaser or encumbrancer of the property affected shall be deemed to have con-

---

**2.** As stated by the Bankruptcy Court:

In a chapter 11 case, the debtor in possession has the same powers as a trustee. Therefore, the debtor in possession has the rights and powers of a bona fide purchaser of real property. The debtor in possession can then avoid any lien or conveyance that a hypothetical buyer on the petition date could avoid.

ER0380 (internal citations omitted).

structive notice of the pendency of the action and be bound by any judgment entered therein if the person claims through a party to the action[.]

HRS § 634–51.[3]

## B. Legal Analysis

### 1. The Plain Reading Controls

■ The parties do not contest the meaning or applicability of the strong arm provision itself. In addition, it is undisputed that East West Bank's NOPA is a "full memorandum" under HRS § 501–151.[4] Rather, the disagreement is over the meaning and applicability of HRS § 634–51.

The specific question before the court, as set forth by the Bankruptcy Court, is "whether a purchaser would take the Keeaumoku Property subject to JCCHO's master lease, even though the master lease was not filed in the Land Court, because East West Bank filed in the Land Court a NOPA relating to its foreclosure action and JCCHO filed claims in that action for enforcement of the master lease." ER0383. The Bankruptcy Court concluded that "East West Bank's NOPA does not protect JCCHO's claims under the unfiled master lease." *Id.* This court disagrees.

■ Statutory interpretation is a question of law reviewable de novo. *McLaren v. Paradise Inn Haw. LLC*, 321 P.3d 671, 678 (Haw. 2014). "[T]he fundamental starting point for statutory-interpretation is the language of the statute itself." *Panado v. Bd. of Trs., Emps.' Ret.*

*Sys.*, 134 Hawai'i 1, 332 P.3d 144, 154 (2014) (internal citations and quotation marks omitted). And "where the statutory language is plain and unambiguous, our *sole* duty is to give effect to its plain and obvious meaning." *Id.* (emphasis added) (internal citations and quotation marks omitted).

Here, HRS § 634–51 is plain and unambiguous. The first sentence permits "the plaintiff" or "any other party" to file a NOPA relating to "any action concerning real property or affecting the title or the right of possession of real property." HRS § 634–51. After the first sentence establishes *who* can file a NOPA, the second sentence establishes the *effect* of the filing: "From and after the time of recording the notice, a person who becomes a purchaser or encumbrancer of the property affected shall be deemed to have *constructive notice of the pendency of the action* and be bound by *any judgment entered therein* if the person claims through a party to the action[.]" *Id.* (emphasis added).

East West Bank filed a NOPA concerning its foreclosure action on the Keeaumoku Property. If East West Bank did not file a NOPA, JCCHO could have filed its own NOPA, pursuant to the first sentence of HRS § 634–51. Because East West Bank noted the pending action on the TCT, JCCHO did not have to.

Most importantly, the NOPA relates to the entire foreclosure action, and the second sentence specifically states that potential purchasers "shall be deemed to have constructive notice of the pendency of the

---

3. Both sections permit the recording of a notice of a pending action in federal court. *See* HRS § 501–151 ("Notice of the pendency of an action in a United States District Court, as well as a court of the State of Hawaii, may be recorded."); *id.* § 634–51 ("This section authorizes the recording of a notice of the pendency of an action in a United States District Court, as well as a state court.").

4. Cuzco admits that "[East West Bank's] NOPA is a 'full memorandum' that complies with Section 501–151 with respect to [East West Bank's] foreclosure on its registered mortgage." Pl.'s Answering Br. at 15.

*action." Id.* (emphasis added). The word "action" is not limited to East West Bank's complaint—the "action" includes JCCHO's counterclaim.[5] If the legislature wanted a narrower statute, it could have limited the notice to the "complaint" or the "plaintiff's claims." It did not do so. As a result, potential purchasers are. bound by "any judgment" in the action, *id.*, including a judgment on JCCHO's counterclaim.

This plain reading is consistent with common sense. Due diligence would lead a potential purchaser to find JCCHO's counterclaim. That is, a potential purchaser of the Keeauomoku Property would see East West Bank's NOPA on the TCT and then investigate the pending action, where the purchaser would discover, among other claims, JCCHO's counterclaim for specific performance of the Master Lease. Because potential purchasers would then have notice of JCCHO's counterclaim, there cannot exist a hypothetical bona fide purchaser under Hawaii law who would take the Keeaumoku Property free of JCCHO's counterclaim.

The Bankruptcy Court acknowledged that "an overliteral reading of the applicable statutes could suggest that JCCHO can piggyback on East West Bank's NOPA," ER0383, but went on to reject this reading without first finding an ambiguity in the applicable statutes. But "where the statutory language is plain and unambiguous, our *sole* duty is to give effect to its plain and obvious meaning." *Panado*, 332 P.3d at 154 (emphasis added) (internal citations and quotation marks omitted). Once the Bankruptcy Court acknowledged the plain reading of the statute would permit JCCHO to preserve its claim by "piggybacking" on East West Bank's NOPA, its "sole duty" was to give effect to that reading.

Pursuant to the plain reading of HRS § 634–51, East West Bank's NOPA is sufficient to preclude Cuzco's use of the strong arm provision in 11 U.S.C. § 544(a)(3), as there could be no bona fide purchase of the Keeaumoku Property under Hawaii law at the time Cuzco sought chapter 11 relief.

### 2. Even Setting Aside the Plain Reading, the Bankruptcy Court Misconstrues Hawaii Law

The Bankruptcy Court determined that the plain reading of the statutes was "inconsistent . . . with the Hawaii courts' view that, because a recorded notice of pendency of action puts enormous 'financial pressure [. . .] on the property owner,' the applicable statutes must be narrowly construed." ER0384 (quoting *S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 75 Haw. 480, 866 P.2d 951, 967 (1994)). Even assuming that the plain reading does not control—despite the absence of an ambiguity—the Bankruptcy Court misapplied *S. Utsunomiya Enters., Inc.*

The Hawaii Supreme Court held that "the language 'concerning real property or affecting title or the right of possession of real property' found in HRS § 634–51 is ambiguous." *S. Utsunomiya Enters., Inc.*, 866 P.2d at 965 (quoting HRS § 634–51). Given this specific ambiguity, the Court then held that "the *lis pendens* statute must be strictly construed and that the application of *lis pendens* should be limited to actions *directly* seeking to obtain title to or possession of real property." *Id.* at 966. But the Court did not make a sweeping declaration that the statute should be narrowly construed in all contexts—instead, the Court sought to avoid abuse of *lis pendens* by plaintiffs who were not truly

---

5. As JCCHO points out in its reply brief, an "action" includes not only the initial complaint, but also any counterclaim or crossclaim. Def.'s Reply Br. at 6–7.

730

seeking equitable claims that encumbered a property:

> A fair reading of Utsunomiya's amended complaint reveals that it is predominantly a fraud and breach of contract complaint (obviously amended to allege an equitable lien) seeking damages. We agree with Moomuku that Utsunomiya does not claim title to or a right of possession of the property. Thus, HRS § 634–51 is not implicated and Utsunomiya's amended *lis pendens* should have been expunged. The circuit court abused its discretion in failing to do so.

*Id.* at 967.

There is no similar concern here. First, the language at issue before this court is not ambiguous. And second, JCCHO is seeking specific performance of the Master Lease—*not* damages. Had East West Bank failed to file a NOPA, there is no suggestion that JCCHO could not have appropriately filed its own NOPA relating to its claim on the Keeaumoku Property. Simply put, *S. Utsunomiya Enters., Inc.* sought to prevent parties from abusing *lis pendens* through encumbering property with equitable liens when the claim was truly one for damages. That abuse is not present here, leaving no reason to narrowly construe HRS §§ 501–151 and 634–51 to avoid their plain and unambiguous meaning.

## V. CONCLUSION

Based on the above, the court REVERSES the bankruptcy court's November 3, 2016 Decision and the November 15, 2016 Judgment, and REMANDS the matter to the Bankruptcy Court for proceedings consistent with this Order.

IT IS SO ORDERED.