NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SATYA DEVI JAGAR, <br><br> Debtor, <br><br> ------------------------------ <br><br> EUGENE SCHNEIDER, <br><br> Appellant, <br><br> v. <br><br> SATYA DEVI JAGAR, <br><br> Appellee. | No. 17-60048 <br><br> BAP No. 15-1251 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Brand, and Spraker, Bankruptcy Judges, Presiding

Argued and Submitted October 15, 2018
San Francisco, California

Before: THOMAS, Chief Judge, KLEINFELD, Circuit Judge, and WU,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable George H. Wu, United States District Judge for the
Central District of California, sitting by designation.

Eugene Schneider appeals from the Bankruptcy Appellate Panel's judgment affirming the bankruptcy court's order granting – and subsequent judgment resulting from – a Federal Rule of Bankruptcy Procedure 7052 motion brought by Satya Devi Jagar at the close of Schneider's case in a bench trial of Schneider's adversary action against Jagar in connection with her Chapter 7 bankruptcy petition. We have jurisdiction under 28 U.S.C. § 158(d)(1), and affirm.

In his adversary action, Schneider brought claims for relief under 11 U.S.C. §§ 523(a)(2)(A) and 727. The action was pointedly *not* a proceeding to determine the enforceability (outside of a bankruptcy context) of Jagar's contractual obligations to Schneider, her attorney. Instead, the bankruptcy court correctly determined that, for Schneider to prevail on his Section 523(a)(2)(A) claim, he must demonstrate, among other things, an intent on Jagar's part to deceive Schneider, under a preponderance of the evidence standard. *See Gugliuzza v. Fed. Trade Comm'n (In re Gugliuzza)*, 852 F.3d 884, 888 (9th Cir. 2017); *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010). It also correctly determined that, for Schneider to prevail on his Section 727(a)(4)(A) claim, he would have to demonstrate (again, by a preponderance of the evidence), among other things, that Jagar made a false oath fraudulently, *i.e.* with the intent and purpose of deceiving her creditors. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197-99 (9th Cir. 2010).

Having determined, under a *de novo* standard, that the bankruptcy court correctly set forth the law relating to Schneider's claims, this Court reviews the bankruptcy court's factual findings for clear error. *See Hanf v. Summers* (*In re Summers*), 332 F.3d 1240, 1242 (9th Cir. 2003); *see also* Fed. R. Bankr. P. 7052; Fed. R. Civ. P. 52(a)(6). Under the prevailing explanation of that standard of review, *see, e.g.*, *United States v. Perkins*, 850 F.3d 1109, 1115 (9th Cir. 2017), and having considered the limited evidence that Schneider presented to the bankruptcy court, we cannot conclude that the bankruptcy court clearly erred with respect to its factual findings bearing on the aforementioned required elements, or that it erred in any regard with respect to its analysis of Schneider's Section 727(a)(5) claim. Without satisfaction of the required elements, Schneider's claims failed, and the bankruptcy court was warranted in entering judgment against him. *See* Fed. R. Civ. P. 52(c). As such, we affirm the Bankruptcy Appellate Panel's judgment.[1]

**AFFIRMED.**

---

[1] Jagar's request in the last sentence of her brief − that Schneider's appeal be deemed frivolous − is denied. *See* Fed. R. App. P. 38.

17-60048