**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MARY KAY DUFFIE, <br><br> Debtor, <br> _____ <br><br> MARY KAY DUFFIE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> STEVE GOTCHER; SHARON GOTCHER, <br><br> Defendants-Appellees. | No. 17-36010 <br><br> D.C. No. 2:15-cv-00034-BMM <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Mary Kay Duffiè appeals pro se from the district court's order affirming the

bankruptcy court's judgment excepting $88,348.61 for appellees from Duffiè's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

bankruptcy discharge. We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. We review de novo a district court's decision on appeal from a bankruptcy court and apply the same standard of review applied by the district court. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

The bankruptcy court properly granted appellees an exception from Duffiè's bankruptcy discharge because appellees demonstrated by a preponderance of the evidence that Duffiè intentionally made false representations to obtain their agreement to make monetary payments to Duffiè; the appellees justifiably relied on those misrepresentations and made such payments; and they sustained damages as a result. *See* 11 U.S.C. § 523(a)(2)(A) (prohibiting the discharge of any enforceable obligation for money, property, services, or credit that was obtained by fraud, false pretenses, or false representations); *In re Sabban*, 600 F.3d 1219, 1221 (9th Cir. 2010) (discussing the five elements a creditor must establish by a preponderance of the evidence to demonstrate a claim of non-dischargeability under § 523(a)(2)(A)).

The bankruptcy court did not abuse its discretion in denying on the basis of appellee Steve Gotcher's demonstrated hearing issues Duffiè's motion to appear at trial via videoconference. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir.) (stating standard of review and holding that courts have "inherent power" to control their dockets).

17-36010

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Duffiè's motion to transmit physical exhibits (Docket Entry No. 23) is denied.

**AFFIRMED.**