**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SILVERIO ARENAS, Jr., | No. 21-60062 |
| Debtor, | BAP No. 21-1056 |
| ------------------------------ | |
| SILVERIO ARENAS, Jr., | MEMORANDUM* |
| Appellant, | |
| v. | |
| JAY INSLEE, Governor; ROBERT W. FERGUSON, Attorney General; JOEL SACKS, Director of L & I; VICTOR VELAZQUEZ, L & I Case Manager; MAGGIE LELAND, L & I Legislative Liaison; TONYA MORGAN, L & I Auditor; GARY FRANKLIN, Doctor, L & I Medical Director; LEE GLASS, Doctor, L & I Associate Medical Dirctor; STEPHEN THIELKE, Doctor, L & I Medical Consultant; ERNIE LAPALM, L & I Deputy Director; MONTANA SALVONI, L & I Civil Rights Investigator; DAN JOHNSTON, L & I Civil Rights Investigator; ANGELA EMTER JIMENEZ, L & I Medical | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Program Specialist; VICTORIA
KENNEDY, L & I Assistance Director;
URIEL INIGUEZ, L & I Director of
Community Relations; CLAUDIA
WATSON, L & I Case Manager;
GREGORY G. SILVEY, AAG; SHELLY
MORTINSON, AAG; LISA GILMAN,
AGO Investigator; LISA VAN DER
LUGT, Director of Governor's
Commission on Hispanic Affairs; JEAN
DE ROCHERS, L & I RN,

Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Gan, and Taylor, Bankruptcy Judges, Presiding

Submitted May 11, 2023**
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Silverio Arenas, Jr. appeals pro se from the judgment of the Bankruptcy

Appellate Panel (BAP) affirming the bankruptcy court's judgment in favor of

---

** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

2

Defendants[1] in his action for civil rights violations, discrimination, and related claims under federal and Washington law. We review de novo,[2] and we affirm.

First, we reject Arenas's challenge to the bankruptcy court's jurisdiction. Arenas knowingly and voluntarily consented to pursuing his claims in the bankruptcy court because he expressly agreed to do so after he "'was made aware of the need for consent and the right to refuse it.'" *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 685, 135 S. Ct. 1932, 1948, 191 L. Ed. 2d 911 (2015); *see also* 28 U.S.C. § 157(c)(2).

Second, we affirm the dismissal with prejudice of Arenas's claims premised on federal criminal law. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam); *see also* Fed. R. Civ. P. 12(c). The bankruptcy court and BAP correctly concluded that the criminal statutes Arenas relied upon "provide no basis for civil liability." *Aldabe*, 616 F.2d at 1092; *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *Opera Plaza Residential Parcel*

---

[1] "Defendants" refers to Jay Inslee, Robert Ferguson, Joel Sacks, Victor Velazquez, Maggie Leland, Tonya Morgan, Gary Franklin, Lee Glass, Stephen Thielke, Ernie LaPalm, Montana Salvoni, Dan Johnston, Angela Jimenez, Victoria Kennedy, Uriel Iniguez, Claudia Watson, Gregory Silvey, Shelly Mortinson, Lisa Gilman, Lisa van der Lugt, and Jean de Rochers.

[2] *See Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011); *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010); *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1221–22 (9th Cir. 2010).

*Homeowners Ass'n v. Hoang*, 376 F.3d 831, 834–38 (9th Cir. 2004). Dismissal with prejudice was appropriate because those claims could not be saved by any amendment. *See Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

Third, we conclude that the bankruptcy court properly entered summary judgment on Arenas's remaining array of claims.[3] The record supports the bankruptcy court's conclusion that no genuine issues of material fact remained for trial on any of those claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *see also* Fed. R. Civ. P. 56(a). The Defendants' motion for summary judgment was adequately supported with evidence as to each claim, and Arenas failed to come forward with any evidence[4] in the bankruptcy court to contradict that showing. *See Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Moreover, the bankruptcy court

---

[3] Both the bankruptcy court and the BAP discussed how certain of those claims could also be dismissed with prejudice. Because we may affirm on any ground supported by the record, we do not opine on that alternative rationale. *See City & County of San Francisco v. Barr*, 965 F.3d 753, 761 (9th Cir. 2020).

[4] *Cf. Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

properly refrained from making credibility determinations at summary judgment. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

Finally, even assuming (without deciding) that the bankruptcy court judge was somewhat curt or impatient with Arenas, that does not amount to impermissible bias or partiality. *See Liteky v. United States*, 510 U.S. 540, 555–56, 114 S. Ct. 1147, 1157–58, 127 L. Ed. 2d 474 (1994).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009) (per curiam); *see also Hornish v. King County*, 899 F.3d 680, 702–03 (9th Cir. 2018).

**AFFIRMED.**