NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID PRESTON ADDINGTON,

Plaintiff - Appellant,

v.

PG&E CORPORATION; PACIFIC GAS &
ELECTRIC COMPANY,

Defendants - Appellees.

No. 24-5325

D.C. No. 4:23-cv-05099-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted February 18, 2026[**]

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

David Preston Addington appeals pro se from the district court's order

affirming the bankruptcy court's summary judgment in Addington's adversary

proceeding. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Addington's request for oral
argument, set forth in the reply brief, is denied.

the district court's decision on appeal from the bankruptcy court without deference to the district court, *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012), and the bankruptcy court's grant of summary judgment, *In re Sabban*, 600 F.3d 1219, 1221-22 (9th Cir. 2010). We affirm.

The bankruptcy court properly granted summary judgment because Addington failed to raise a genuine dispute of material fact as to whether the easement was terminated and whether Addington's claims were not foreclosed by the parties' 2016 agreement. *See* Cal. Civ. Code § 806 ("The extent of a servitude is determined by the terms of the grant, or the nature of the enjoyment by which it was acquired."); Cal. Civ. Code § 1636 ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."); *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 225 Cal. Rptr. 3d 305, 317 (Ct. App. 2017), *as modified* (Nov. 6, 2017) (listing the elements of a trespass claim, including the plaintiff's ownership or control of the property); *see also* Fed. R. Bankr. P. 7056 (providing that Fed. R. Civ. P. 56 applies in an adversary proceeding).

The bankruptcy court did not abuse its discretion in denying Addington's motion for reconsideration because Addington did not demonstrate any grounds for relief. *See* Fed. R. Bankr. P. 9023 (providing that Fed. R. Civ. P. 59 applies in a bankruptcy case); *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)

(setting forth standard of review and grounds for granting a Rule 59(e) motion).

The bankruptcy court did not abuse its discretion by denying Addington's request for additional discovery, as set forth in his opposition to summary judgment. *See* Fed. R. Civ. P. 56(d); *Sec. and Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (setting forth standard of review and explaining that to prevail on a Rule 56(d) request, a party "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment" (citation and internal quotation marks omitted)).

All requests set forth in Addington's briefs are denied.

**AFFIRMED.**