The 3250 WILSHIRE BOULEVARD BUILDING; The 3250 Wilshire Partners, Plaintiffs–Appellants,

v.

W.R. GRACE & COMPANY; Metropolitan Life Insurance Company, Defendants–Appellees.

No. 91–55998.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1993.

Decided April 2, 1993.

488

Eric J. Schindler, Moreno, Purcell & Schindler, Santa Monica, CA, for plaintiffs-appellants.

William J. Toppeta and David J. Larkin, Jr., New York City, for defendants-appellees.

Before: BROWNING, HUG, and KOZINSKI, Circuit Judges.

HUG, Circuit Judge:

Appellants, the 3250 Wilshire Building and the 3250 Wilshire Partners (collectively "Wilshire"), appeal the district court's award of approximately $1.2 million in attorney's fees and expenses to appellee Metropolitan Life Insurance Company ("MetLife"). MetLife incurred these expenses in defense of Wilshire's unsuccessful diversity lawsuit for breach of fiduciary duty, breach of the implied duty of good faith and fair dealing, and fraudulent concealment under California law. The district court concluded that the attorney's fees were recoverable by MetLife under a Purchase and Sale Agreement between the parties. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I.

In 1969, Wilshire began building a 450,-000 square foot high-rise office building in Los Angeles, California. A material known as Monokote, which contains asbestos, was applied throughout the building as a fireproofing material. In 1971, when the building was completed, Wilshire sold the building to MetLife, which in turn leased it back to Wilshire.

In 1986, Wilshire repurchased the building from MetLife pursuant to a "Purchase and Sale Agreement." After the sale, however, Wilshire learned that MetLife had instituted a policy against making long-term loans on buildings containing asbestos materials, and was attempting to divest itself of any such properties. Wilshire subsequently brought suit against MetLife alleging under California law: (1) breach of fiduciary duty, (2) breach of the implied duty of good faith and fair dealing, and (3) fraudulent concealment. The suit was originally filed in state court, but later removed to federal district court.

On a motion for summary judgment, the district court ruled in favor of MetLife. On a subsequent motion, the district court also held that MetLife was entitled to attorney's fees and expenses under a provision of the Purchase and Sale Agreement. Wilshire appealed both orders to this court, but did so before the district court had determined the amount of attorney's fees and expenses to which MetLife was entitled.

In *3250 Wilshire Blvd. v. W.R. Grace & Co.—Conn.*, 933 F.2d 1016 (9th Cir.1991) (unpublished disposition), we rejected Wilshire's appeal on the merits and dismissed as premature Wilshire's appeal from the district court's attorney's fees award, because the amount of the award had not been determined. We did, however, award MetLife those attorney's fees which it had incurred on appeal. On August 23, 1991, the district court concluded its proceedings on the issue of attorney's fees and expenses, and ordered Wilshire to pay MetLife approximately $1.2 million for the legal work performed in defense of Wilshire's lawsuit. Wilshire now appeals from that order.

On appeal, Wilshire argues (A) that attorney's fees are not recoverable by MetLife under California law, and (B) that even if they are, the attorney fee provision of the Purchase and Sale Agreement does not provide for attorney's fees in tort actions, which Wilshire asserts its lawsuit was. We disagree with both contentions.

## A.

Wilshire's argument that attorney's fees are not recoverable by MetLife is based principally upon California Civil Code § 1717, which permits the recovery of attorney's fees by either party "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded ... to one of the parties...." Cal.Civ.Code § 1717 (West Supp.1993). Wilshire argues that because its action against MetLife sounded in tort rather than contract, attorney's fees are not recoverable.

California Civil Code § 1717, however, is not the only statute governing the recoverability of attorney's fees by agreement. Indeed, the district court specifically relied on California Code of Civil Procedure § 1021 when it awarded attorney's fees to MetLife. The section provides:

Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided.

Cal.Civ.Pro.Code § 1021 (West Supp.1993). This statute permits attorney's fees agreements, but contains no restriction as to the nature of the lawsuits for which such fees may be recovered. Several recent California cases have underscored this view, holding that where attorney's fees are not recoverable for a non-contract action under section 1717, they may nonetheless be recoverable under section 1021. *Lerner v. Ward,* 13 Cal.App.4th 155, 16 Cal.Rptr.2d 486, 489 (Ct.App.1993); *Xuereb v. Marcus & Millichap, Inc.,* 3 Cal.App.4th 1338, 5 Cal.Rptr.2d 154, 157 (Ct.App.1992), *rev. denied,* (Cal.1992). We conclude, therefore, that California law permits recovery of attorney's fees by agreement, for tort as well as contract actions.

## B.

The question remains, then, whether the Purchase and Sale Agreement autho-rizes recovery of attorney's fees in this case. Section 8.8 of the Purchase and Sale Agreement reads in relevant part:

*Attorney's Fees.* In the event either Buyer or Seller brings any suit or other proceeding with respect to the subject matter or enforcement of this Agreement, the prevailing party (as determined by the court, agency or other authority before which such suit or proceeding is commenced) shall, in addition to such other relief as may be awarded, be entitled to recover attorney's fees, expenses and costs of an investigation as actually incurred....

Wilshire argues that the language "with respect to the subject matter or enforcement of this Agreement" limits the recovery of attorney's fees only to contract actions directed at enforcing the terms of the agreement, actions such as specific performance or rescission. Arguing further that its lawsuit against MetLife consisted only of tort claims, Wilshire concludes that MetLife may not recover attorney's fees under this provision.

We are not persuaded by Wilshire's narrow reading of Section 8.8. The language of this provision includes not only contract enforcement actions, but actions relating to the "subject matter" of the agreement. The subject matter of the agreement is obvious: the sale of the 3250 Wilshire Boulevard property by MetLife to Wilshire. Wilshire's lawsuit claimed that MetLife violated various duties by failing to disclose, prior to the sale, the alleged fact that MetLife was divesting itself of the building because of its asbestos content. Such a lawsuit clearly relates to the "subject matter" of the Purchase and Sale Agreement, regardless of whether Wilshire's claims, strictly speaking, sounded in tort or contract. Accordingly, as the prevailing party, MetLife is entitled to attorney's fees and expenses for defending this action.

## II.

MetLife seeks reconsideration of the order of this court awarding sanctions against it for the filing of its Motion to Dismiss Appeal and for Attorney's Fees, Doubled. That motion could have raised

the simple issue of whether the award of attorney's fees in the prior appeal was dispositive as the law of the case. The motion, rather than simply and concisely raising that legal issue, was accompanied with affidavits of David Larkin, attached correspondence to opposing counsel making demands for immediate payment of fees, copies of pages of briefs previously submitted, copies of district court documents, letters from David Larkin to this court and numerous other unnecessary and extraneous documents that were far beyond the issue sought to be raised. David Larkin also sought $1,440 in attorney's fees and costs for bringing the motion and requested they be doubled to $2,880.

The discrete legal issue could have been presented succinctly with citation to the prior opinion and appropriate authorities. Instead, the motion was presented in an overaggressive style, accompanied by burdensome, unnecessary and irrelevant paperwork. Mr. Larkin's oral presentation reflected the same unprofessional qualities, which seriously detracted from consideration of the merits of the appeal. We therefore decline to reconsider the order awarding $250 in sanctions.

The judgment of the district court awarding the attorney's fees is **AFFIRMED.** The reconsideration of the imposition of sanctions is **DENIED.**