**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SANJESH PRASAD SHARMA and ARACELY COLOMBINA SHARMA,<br><br>　　　　　　Debtors,<br><br>——————————————<br><br>SANJESH PRASAD SHARMA,<br><br>　　　　　　Appellant,<br><br>　v.<br><br>CARMEN SALCIDO,<br><br>　　　　　　Appellee. | No. 13-60075<br><br>BAP No. 12-1302<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Montali, Markell, and Taylor, Bankruptcy Judges, Presiding

Submitted June 3, 2015[**]
Pasadena, California

———————————

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and KORMAN,*** Senior District Judge.

Sanjesh Sharma appeals the decision of the Bankruptcy Appellate Panel ("BAP") affirming a bankruptcy court's entry of default judgment against him on Carmen Salcido's claim that the debt owed to Salcido was nondischargeable under 11 U.S.C. § 523(a)(2)(A) because it was obtained through fraud. We have jurisdiction pursuant to 28 U.S.C. § 158(d)[1] and we affirm. We review the entry of default judgment for abuse of discretion. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1391 (9th Cir. 1988).

Sharma argues that the default judgment was erroneous because (1) the evidence submitted in support of Salcido's motion for default judgment was insufficient, (2) the bankruptcy court did not consider Sharma's opposition to the motion and his evidentiary objections, and (3) the court did not hold an evidentiary hearing.

---

*** The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

[1] Appellee asserts that this Court lacks jurisdiction to hear this appeal because Appellant failed to move for relief under Federal Rules of Civil Procedure 55(c) or 60(b). However, the BAP correctly noted that this Court has often considered appeals in such circumstances on the merits. *See, e.g.*, *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 789 (9th Cir. 2011); *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969).

However, the BAP properly determined that the bankruptcy court is not required to hold a hearing or rely on a motion for default judgment or evidentiary declarations in entering a default judgment. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

"In reviewing a default judgment, this court must take the well-pleaded factual allegations of [the complaint] as true." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Here, the well-pleaded factual allegations of appellee's complaint show that the bankruptcy court did not abuse its discretion in entering default judgment. Five elements must be proven in making a claim under 11 U.S.C. § 523(a)(2)(A): (1) that the debtor made representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made. *In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010). An examination of the record demonstrates that the allegations contained in the complaint satisfy this standard.

**AFFIRMED.**