**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., | No. 13-15848 |
| Plaintiff - Appellee, | D.C. Nos. 3:10-cv-00591-SC |
| v. | 3:11-cv-02861-SC |
| SEAMASTER LOGISTICS, INC. And SUMMIT LOGISTICS INTERNATIONAL, INC., | MEMORANDUM[*] |
| Defendants - Appellants, | |
| And | |
| AMERICAN GLOBAL LOGISTICS, LLC; et al., | |
| Defendants. | |

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., | No. 13-15941 |
| Plaintiff - Appellant, | D.C. Nos. 3:10-cv-05591-SC |
| v. | 3:11-cv-02861-SC |
| SEAMASTER LOGISTICS, INC. And SUMMIT LOGISTICS | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

INTERNATIONAL, INC.,

        Defendants - Appellees,

  And

AMERICAN GLOBAL LOGISTICS,
LLC; et al.,

        Defendants.

---

MITSUI O.S.K. LINES, LTD.,

        Plaintiff - Appellee,

  v.

SEAMASTER LOGISTICS, INC. And
SUMMIT LOGISTICS
INTERNATIONAL, INC.,

        Defendants - Appellants,

  And

AMERICAN GLOBAL LOGISTICS,
LLC; et al.,

        Defendants.

No. 13-16395

D.C. Nos.    3:10-cv-05591-SC
              3:11-cv-02861-SC

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

Argued and Submitted May 12, 2015
San Francisco, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges and TEILBORG,[**] Senior District Judge.

Appellants SeaMaster Logistics, Inc. and Toll Global Forwarding (Americas) Inc. ("Summit US") appeal the district court's findings that Appellants are liable for fraud and civil conspiracy and award of attorney's fees to Appellee Mitsui O.S.K Lines, Ltd. ("MOL"). MOL cross-appeals the district court's dismissal of MOL's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and finding that Summit US is not liable for damages MOL sustained before Summit US joined the conspiracy. We have jurisdiction under 28 U.S.C. § 1291.

I

Appellants first appeal the district court's conclusion that MOL justifiably relied on the misrepresentations of Appellants. Findings of fraud and justifiable reliance are questions of fact subject to clearly erroneous review. *In re Jogert, Inc.*, 950 F.2d 1498, 1504–05 (9th Cir. 1991).

---

[**] The Honorable James A. Teilborg, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

MOL's reliance was justified because Appellants' misrepresentations were not "preposterous," or "so patently and obviously false that [MOL] must have closed [its] eyes to avoid discovery of the truth." *Broberg v. Guardian Life Ins. Co. of Am.*, 90 Cal. Rptr. 3d 225, 232 (Ct. App. 2009) (quoting *OCM Principal Opportunities Fund v. CIBC World Markets Corp.* 68 Cal. Rptr. 3d 828, 865 (Ct. App. 2007)); *see also Bishop Creek Lodge v. Scira*, 54 Cal. Rptr. 2d 745, 752–53 (Ct. App. 1996) ("[A] fraud plaintiff does not have the 'duty of inquiry' that a purchaser of real property does. The fraud plaintiff need only demonstrate justifiable reliance; this is a different, and far lower, standard."). Indeed, Appellants went to great lengths to conceal their misrepresentations. We therefore affirm the district court's conclusion that MOL justifiably relied on Appellants' misrepresentations.

## II

Next, Appellants challenge the legal standard applied by the district court in awarding damages. We review *de novo*. *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir. 1999).

The district court erred by awarding MOL, in the district court's words, "more than it lost as a result of the Shenzhen door arrangement" and failing to use a reasonable basis of computation to calculate the actual damages incurred by

MOL for reimbursed trucking costs, origin receiving charge differentials, and lost space protection premiums. *Ward v. Taggart*, 336 P.2d 534, 537 (Cal. 1959) ("In the absence of a fiduciary relationship, recovery in a tort action for fraud is limited to the actual damages suffered by the plaintiff."); *Allen v. Gardner*, 272 P.2d 99, 102 (Cal. Ct. App. 1954) ("The law . . . requires that some reasonable basis of computation be used.").

The reasons given by the district court to support this overcompensation are not supported by California law. First, the district court reasoned that "it would be inequitable to credit Defendants for payments made to cover up their fraud," citing only *Federal Deposit Insurance Corporation v. Bank of America National Trust & Savings Association*, 701 F.2d 831 (9th Cir. 1983). In that case, this Court applied Puerto Rico's banking laws to conclude that public policy prohibited a creditor bank from applying a set-off to an insolvent debtor bank. *FDIC*, 701 F.2d at 839–40. Here, there is no such public policy concern in Appellants' request to limit their liability to the actual damages MOL sustained from Appellants' misrepresentation. Thus, *FDIC* is inapposite.

Second, the district court explained that part of the reason it did not award punitive damages was that it had already awarded MOL "more than it lost," implying that the damages award was at least partially punitive, rather than

5

compensatory, in nature. By definition, punitive damages do not compensate for actual damage, but rather "punish and deter." *Adams v. Murakami*, 813 P.2d 1348, 1350 (Cal. 1991) (internal quotations marks omitted). The district court cites no case—and we can find none—that justifies conflating compensatory and punitive damages in this way.

Therefore, we reverse the district court's damages award and remand for recalculation in accordance with California law.

III

Next, Appellants challenge the district court's award of MOL's attorney's fees. Because this issue turns on legal questions involving the interpretation of the parties' agreements, we review the district court's grant of attorney's fees *de novo*. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004).

The district court erred when it held that the service contracts, which provided that Appellants shall be liable for legal fees and expenses "incurred in collecting monies due," allow MOL to collect attorney's fees in the current action. Under California law, when, as here, "the language of the [fee] agreement does not encompass noncontractual claims or is ambiguous," recovery of noncontractual tort claim fees turns on whether success in "the noncontractual claim is necessary to succeed on [a] contractual claim." *Siligo v. Castellucci*, 26 Cal. Rptr. 2d 439, 443

(Ct. App. 1994). Yet here no contractual claim has been brought, and thus recovery of noncontractual claim fees is unavailable. *See Gil v. Mansano*, 17 Cal. Rptr. 3d 420, 425 n.3 (Ct. App. 2004), *as modified* (Aug. 24, 2004).

The cases cited by the district court and MOL do not control because they involve contracts with language not analogous to the contracts at issue in this case. *E.g.*, *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 939 (9th Cir. 1999) ("arising out of or in connection with this agreement" (emphasis omitted)); *3250 Wilshire Blvd. Bldg. v. W.R. Grace & Co.*, 990 F.2d 487, 489 (9th Cir. 1993) ("any suit or other proceeding with respect to the subject matter or enforcement of this Agreement").

Therefore, we reverse the district court's award of MOL's attorney's fees.

IV

On cross-appeal, MOL first challenges the district court's conclusion that application of RICO in this case would be extraterritorial. *See generally Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 255 (2010) ("When a statute gives no clear indication of an extraterritorial application, it has none."). Whether a RICO application is extraterritorial is a question of law that we review *de novo*. *United States v. Chao Fan Xu*, 706 F.3d 965, 974 (9th Cir. 2013).

7

The district court applied a "nerve center" test when it dismissed MOL's RICO claim. However, in a case decided after the trial but before the district court issued its Findings of Fact and Conclusions of Law, this Court explicitly rejected that test, explaining that the test to determine whether a RICO application is extraterritorial is to look "not upon the place where the deception originated," but "at the pattern of Defendants' racketeering activity taken as a whole."*Id.* at 977–79. (quoting *Morrison*, 561 U.S. at 266). Thus, even if racketeering activity is "conceived and planned overseas," it may still fall within the ambit of the statute if "it was executed and perpetuated in the United States." *Id.* at 979. The district court therefore erred when it applied the nerve center test.[1]

Having made its findings under the erroneous nerve center test, the district court made no specific findings regarding Appellants' pattern of racketeering activity. "When an appellate court discerns that a district court has failed to make a finding because of an erroneous view of the law, the usual rule is that there should be a remand for further proceedings to permit the trial court to make the missing findings." *Pullmani-Standard v. Swint*, 456 U.S. 273, 291 (1982). Accordingly, we

---

[1] The invited error doctrine does not bar MOL from bringing this appeal because there is no evidence that the district court applied or continued to apply the erroneous standard upon MOL's invitation. *See Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002); *Deland v. Old Republic Life Ins. Co.*, 758 F.2d 1331, 1336–37 (9th Cir. 1985).

reverse the district court's dismissal of MOL's RICO claim and remand for further proceedings, with instructions for the district court to apply the test set forth in *Chao Fan Xu*.

V

Next, MOL argues that the district court applied the wrong legal standard in holding that Summit US is not liable for damages MOL sustained before Summit US joined the conspiracy in 2008. We review this issue of law *de novo*. *United States v. Lang*, 149 F.3d 1044, 1046 (9th Cir. 1998).

We conclude that the district court applied the correct legal standard. Under California law, co-conspirators do not assume liability for torts which are "completed and actionable" before the conspirator joins the conspiracy. *Kidron v. Movie Acquisition Corp.*, 47 Cal. Rptr. 2d 752, 767 (Ct. App. 1995); *de Vries v. Brumback*, 349 P.2d 532, 535 (Cal. 1960) (defendant who took possession of stolen jewelry from those who had stolen it was liable for civil conspiracy because he had joined "the *continuing* conspiracy to convert" (emphasis added)). Here, each shipment completed under the Shenzhen door arrangement before Summit US joined the arrangement met all the elements of fraud and therefore constituted a completed, actionable tort. Indeed, MOL conceded as much at oral argument. We

9

therefore affirm the district court's conclusion that Summit US cannot be held liable for the fraud committed before Summit US joined the conspiracy.

Each party shall bear its own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.