**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  PETER SZANTO,<br><br>               Debtor.<br>_____<br><br>PETER SZANTO,<br><br>               Plaintiff-Appellant,<br><br>   v.<br><br>UNITED STATES TRUSTEE, RENO; et al.,<br><br>               Defendants-Appellees. | No. 15-17410<br><br>D.C. No. 3:14-cv-00355-RCJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Peter Szanto appeals pro se from the district court's order affirming the

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

bankruptcy court's order dismissing Szanto's chapter 11 bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court did not abuse its discretion by dismissing Szanto's bankruptcy case "for cause." *See* 11 U.S.C. § 1112(b)(4)(J) (explaining that "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the Court" provides cause to dismiss a chapter 11 bankruptcy petition); *Toibb v. Radloff*, 501 U.S. 157, 165 (1991) (bankruptcy court has "substantial discretion" to dismiss a chapter 11 case).

The bankruptcy court did not abuse its discretion by granting JPMorgan Chase Bank N.A.'s motion to vacate the order granting Szanto's motion to approve a settlement agreement because, after reconsideration, the bankruptcy court found that Szanto's motion was not properly served and that the attached documents did not constitute a settlement agreement as Szanto alleged. *See* Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60 applicable to bankruptcy cases); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) (setting forth standard of review).

Contrary to Szanto's contentions, the bankruptcy court did not err by

dismissing the case while Szanto's motion to disqualify under 28 U.S.C. § 144 was pending. *See Smith v. Edwards & Hale, Ltd. (In re Smith)*, 317 F.3d 918, 932 (9th Cir. 2002) ("[S]ection 144 applies only to district court judges and not to bankruptcy court judges. Rather, bankruptcy court judges are subject to recusal only under 28 U.S.C. § 455." (internal citations omitted)), *abrogated on other grounds by Lamie v. U.S. Tr.*, 540 U.S. 526 (2004).

We reject as unsupported by the record Szanto's contentions concerning bias of the bankruptcy judge or that the judge's impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**