NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER SZANTO,<br><br>　　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>EVYE SZANTO, *et al.*,<br><br>　　　　　　　Defendants-Appellees. | No.　21-35151<br><br>D.C. Nos.<br>3:18-cv-00951-SI<br>3:18-cv-00952-SI<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted January 3, 2024[**]

Before:  WALLACE, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Peter Szanto appeals pro se from the District Court's order affirming the Bankruptcy Court's order in an Adversary Proceeding, which dismissed Szanto's claims against various members of his family ("the Relatives"). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the District Court's decision on appeal

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from the Bankruptcy Court without deference to the District Court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). In particular, we review de novo the Bankruptcy Court's grant of summary judgment. *In re Sabban*, 600 F.3d 1219, 1221-1222 (9th Cir. 2010). We affirm.

I

The Bankruptcy Court correctly granted partial summary judgment in favor of the Relatives by dismissing all of Szanto's claims against them in the Adversary Proceeding. Szanto's claims against the Relatives for conversion and emotional distress are time-barred. To the extent that these claims have any basis in reality, Szanto knew of them by no later than June 5, 2009, when he brought similar claims against many of the same defendants in San Mateo County Superior Court. The Oregon statute of limitations requires that a conversion claim must be commenced within six years after the claim for relief accrues. Or. Rev. Stat. (ORS) 73.0118(7). California's statute of limitations is shorter, providing only three years. Cal. Civ. Proc. Code (CCP) 338(c)(1). Thus, regardless of which state law is applied, Szanto was well beyond the statute of limitations when he commenced this Adversary Proceeding on September 21, 2016. Szanto's emotional distress claim is similarly barred, since under both Oregon and California law the statute of limitations is two years. *See* CCP 335.1; ORS 12.110(1).

Szanto argues that his claims in the Adversary Proceeding should be treated

as compulsory counterclaims to the San Mateo County Superior Court case. Assuming that this were true, however, counterclaims are not tolled indefinitely, but only for the time allotted under Fed. R. Civ. P. 12(a) to file a responsive pleading. The Bankruptcy Court did not err in dismissing Szanto's claims as time-barred.

II

Szanto argues that the Bankruptcy Court exhibited bias. Szanto is prone to making this argument. *See e.g., Szanto v. United States Tr. (In re Szanto)*, 703 F. App'x 581, 582 (9th Cir. 2017) ("We reject as unsupported by the record Szanto's contentions concerning bias of the bankruptcy judge or that the judge's impartiality might reasonably be questioned").

It is unclear precisely how Szanto believes that this bias led to a reversible error by the Bankruptcy Court. However, assuming that Szanto is requesting that this Court reverse the Bankruptcy Court on the basis of general judicial misconduct, *see Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995), we again reject as unsupported by the record Szanto's contentions concerning bias on the part of the bankruptcy judge.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**